IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**VINCENT LEE WALKER,**

    **Plaintiff,**

    v.                                                     CASE NO. 23-3148-JWL

**STATE OF KANSAS,**

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff Vincent Lee Walker, who is currently being held at the Douglas County Jail in Lawrence, Kansas, filed this pro se 42 U.S.C. § 1983 action (Doc. 1) against the State of Kansas, alleging that he is being held because of a parole violation despite never having been placed on parole and having already completed his sentence. Plaintiff seeks damages of $1,000,000.00 per day for each day of allegedly illegal incarceration. (Doc. 1.)

Plaintiff has filed a motion to proceed in forma pauperis. (Doc. 2.) He is subject, however, to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Thus, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

---

[1] Prior to filing the instant complaint, the Court finds three prior civil actions filed by Plaintiff which qualify as "strikes" under § 1915(g). *See Walker v. Douglas County, Kansas, Board of County Commissioners, et al.*, Case No. 22-3050-SAC (D. Kan. April 26, 2022) (dismissed for failure to state a claim); *Walker v. Douglas County Sheriff's Office, et al.*, Case No. 21-3136-SAC (D. Kan. Nov. 19, 2021) (same); *Walker v. State of Kansas, et al.*, Case No. 20-3118-SAC (D. Kan. June 17, 2020) (same).

"To satisfy § 1915(g), a prisoner must present "specific, credible allegations of imminent danger of serious physical harm."" *Johnson v. Little*, 852 Fed. Appx 369, 371 (10th Cir. 2021) (unpublished) (quoting *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001) (internal quotation marks omitted)). The Court has carefully considered the complaint filed in this matter and finds no such specific allegations. Simply put, the complaint does not show that Plaintiff is in imminent danger of serious physical injury.

Accordingly, pursuant to § 1915(g), Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $402.00 district court filing fee[2] to the Court. If the full filing fee is not paid within the prescribed time, the complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until and including July 27, 2023, to submit the $402.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

Dated on this 27th day of June, 2023, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $52.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.