IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VINCENT LEE WALKER,

    **Plaintiff,**

    v.                                                                               CASE NO. 23-3148-JWL

STATE OF KANSAS,

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff Vincent Lee Walker, who is currently being held at the Douglas County Jail in Lawrence, Kansas, filed this pro se 42 U.S.C. § 1983 action (Doc. 1) against the State of Kansas, alleging that he is being illegally held on a parole violation despite never having been placed on parole. Plaintiff seeks damages of $1,000,000.00 per day of allegedly illegal incarceration. *Id.* Plaintiff also filed a motion to proceed in forma pauperis. (Doc. 2.)

On June 27, 2023, the Court issued a Memorandum and Order (M&O) explaining that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g), which means that he may proceed in forma pauperis in this action only if he establishes a threat of imminent danger of serious physical injury. (Doc. 3.) The M&O further explained that the Court had carefully considered the complaint and concluded that Plaintiff had not presented "'specific, credible allegations of imminent danger of serious physical harm,'" which are required to overcome the three-strikes provision. *See id.*; *see also Johnson v. Little*, 852 Fed. Appx 369, 371 (10th Cir. 2021) (unpublished) (quoting *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001) (internal quotation marks omitted)). Thus, the Court denied the motion to proceed in forma pauperis in this action and gave Plaintiff to and including July 27, 2023 to pay the full $402.00 district court filing fee to the

Court. (Doc. 3.) The M&O cautioned Plaintiff that if he does not pay the full filing fee "within the prescribed time, the complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914." *Id.*

The matter comes now before the Court on Plaintiff's response to the M&O (Doc. 4) and his second motion to proceed in forma pauperis (Doc. 5). Plaintiff asserts in the response that he is "in danger of and undergoing serious physical injury." *Id.* at 1. He contends that being "imprisoned, having been placed in jeopardy of life or limb twice for the same offense constitutes serious physical injury." *Id.* (capitalization normalized).

Liberally construing this response in light of the second motion to proceed in forma pauperis, as is appropriate since Plaintiff proceeds pro se, it appears that Plaintiff wishes the Court to reconsider the denial of his first motion to proceed in forma pauperis. Even with the additional information included in this response, the Court maintains its initial conclusion that Plaintiff has not alleged "'specific, credible allegations of imminent danger of serious harm'" that are sufficient to meet the exception to the prepayment requirement for a prisoner who has three strikes under 28 U.S.C. § 1915(g).

"Vague and utterly conclusory assertions [of danger] are insufficient." *Davis v. GEO Group Corr.*, 696 Fed. Appx. 851, 854 (10th Cir. 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id.* (citations omitted). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.' " *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes'

rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.' " *Id.* (citation omitted).

Plaintiff provides no legal authority to support his assertion that being illegally incarcerated, by itself, constitutes serious physical injury. The Court is unaware of any such authority and finds that Plaintiff's assertions in the response are insufficient to show that he qualifies for the imminent danger exception to the three-strikes rule. The fact that Plaintiff is incarcerated does not, by itself, constitute a specific allegation of the imminent danger of serious physical injury.

**IT IS THEREFORE ORDERED BY THE COURT** that the motion to proceed in forma pauperis (Doc. 5) is construed as a motion to reconsider the denial of Plaintiff's previous motion to proceed in forma pauperis and, as such, is **denied**. Plaintiff remains obligated to submit the $402.00 filing fee on or before July 27, 2023. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

Dated on this 11th day of July, 2023, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
