IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**VINCENT LEE WALKER,**

    **Plaintiff,**

    v.                                                **CASE NO. 23-3148-JWL**

**STATE OF KANSAS,**

    **Defendant.**

## MEMORANDUM AND ORDER

When he began this pro se 42 U.S.C. § 1983 action in June 2023, Plaintiff Vincent Lee Walker was a state prisoner housed at the Douglas County Jail in Lawrence, Kansas. After an initial review of the complaint (Doc. 1) and the motion for leave to proceed in forma pauperis (Doc. 2), the Court determined that Plaintiff has, on at least three prior occasions, brought an action in this Court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Thus, he is subject to the "three-strikes" provision of 28 U.S.C. § 1915(g), and he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

On June 27, 2023, the Court issued an order explaining the three-strikes rule, identifying the cases that constitute Plaintiff's prior strikes, and informing Plaintiff that his complaint does not contain specific, credible allegations that he is in imminent danger of serious physical harm. (Doc. 3.) The Court therefore denied Plaintiff's motion to proceed in forma pauperis and ordered him to pay the full filing fee to the Court on or before July 27, 2023 or the matter would be dismissed without additional prior notice. *Id.*

Plaintiff filed a response to the order and a second motion for leave to proceed in forma pauperis. (Docs. 4 and 5.) The Court construed the filings as asking the Court to reconsider its denial of Plaintiff's initial motion for leave to proceed in forma pauperis. In an order issued July 11, 2023, the Court found that even with the additional information provided, Plaintiff had not made the "'specific, credible allegations of imminent danger of serious harm'" required to qualify for the exception to the three-strikes provision. (Doc. 6.) Thus, the Court maintained its prior conclusion that Plaintiff may not proceed in forma pauperis.

On July 27, 2023, the Court received a letter from Plaintiff advising that he has been transferred to El Dorado Correctional Facility and that he "enclosed a document that will validate an exception of 42 U.S.C. 12101-12213 being added to all the cases I have pending in the United States District Court."[1] (Doc. 8.) No additional document was enclosed with the letter. The letter itself asserts that Plaintiff's transfer to a state prison "is valid proof of imminent danger and/or serious physical injury, so this case can move forward in forma pauperis because [he is] not supposed to be in jail for a closed case . . . because [he] got time-served for it as [of] Feb[ruary] 22, 2023." *Id.* (capitalization normalized).

Plaintiff previously made this assertion (*see* Doc. 4) and the Court rejected it (*See* Doc. 6, p. 3). The Court has explained to Plaintiff that being incarcerated "does not, by itself, constitute a specific allegation of the imminent danger of serious physical injury." *Id.* Plaintiff's latest filing merely repeats his erroneous belief that it does. But since he continues to "provide[] no legal authority to support his assertion that being illegally incarcerated, by itself, constitutes serious physical injury," the Court sees no reason to revisit the issue. (*See* Doc. 6, p. 3)

---

[1] To the extent that Plaintiff wishes documents to be filed in other cases he has pending in this Court, he must submit them for filing with the case number of those cases clearly indicated. Because the only case number on the most recent submission from Plaintiff is the number assigned to this case, the document has been filed only in this case.

The July 27, 2023 deadline by which Plaintiff was required to pay the $402.00 district court filing fee has passed and Plaintiff has neither paid the fee nor moved for an extension of time in which to do so. Accordingly, this case is dismissed without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is dismissed without prejudice.

**IT IS SO ORDERED**.

Dated on this 28th day of July, 2023, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
